IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. MALARIK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-740 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge Cathy Bissoon |
| BEAVER COUNTY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by James Malarik be dismissed and that a certificate of appealability be denied.

### II. REPORT

James Malarik ("Malarik" or "Petitioner") pled guilty to one count of acquiring a controlled substance by fraud and one count of receiving stolen property in the Court of Common Pleas of Beaver County on April 19, 2006. He received a bargained-for sentence of five years probation. On July 12, 2007, Malarik's probation on the Beaver County conviction was revoked as a result of a new conviction in Allegheny County on identity theft charges, and he was sentenced to ten to sixty months imprisonment.

Malarik filed an appeal to the Superior Court of Pennsylvania, in which he raised two claims. First, he asserted that he was not under Beaver County supervision at the time of the Allegheny County offense. Second, Malarik argued that his probation revocation sentence was excessive. Counsel on appeal filed a brief conceding that Malarik's claims lacked merit. The Superior Court affirmed on May 6, 2008, finding that the appeal was frivolous because Malarik

stipulated at his revocation proceeding that he violated his probation. The Superior Court also rejected the excessive sentence claim. Malarik's subsequent petition pursuant to the Post Conviction Relief Act was dismissed without a hearing on May 15, 2008.

Malarik now files the instant petition and raises four claims: (1) the underlying 2006 Beaver County conviction and another case filed in Allegheny County in 2006 arise out of the same transaction, making the Beaver County sentence of probation a violation of double jeopardy; (2) Malarik suffers from a mental illness; (3) the initial Beaver County sentence of 5 years probation was excessive; and (4) all prior counsel rendered ineffective assistance. The Commonwealth has responded to the petition (Doc. 39) and asserts that the claims raised are frivolous.

The Court will dispense with a discussion of exhaustion and procedural default, as it is clear that the claims in the instant petition should be denied on their merits.

### A. <u>Analysis</u>

A federal court may not issue a writ of habeas corpus unless it concludes that the state court's adjudication resulted in a decision that was "contrary to" or an "unreasonable application of" clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); <u>Williams v. Taylor</u>, 529 U.S. 362, 411 (2000) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

Petitioner never presented his claim of double jeopardy in the state courts, and the records attached to his own petition illustrate why this is the case. The Beaver County case, No. 179 of 2006, was based on an incident occurring on July 29, 2005, in which Malarik attempted to

pass a forged prescription to acquire oxycontin pills (Doc. 20, Exhibit 2). The Allegheny County case, No. 4831 of 2006, involved a July 21, 2005, incident where Malarik sold a forged prescription to "Joe Frazier" (Doc. 20, Ex. 3). The charges were premised upon different criminal transactions and, accordingly, this claim lacks merit.

Malarik also did not raise his claim of mental illness in the state courts, nor does he indicate how his diagnosis is relevant to his conviction. Even if his mental condition could have offered a defense to his initial conviction, or at his probation revocation proceeding, he pled guilty at the first, and stipulated to the violation of his probation at the second. Thus, this "claim" does not warrant relief either.

In his third ground for relief, Malarik maintains that his initial sentence of five years probation was excessive. A claim of an excessive sentence is not cognizable on federal habeas review. Unless a habeas petitioner asserts that a state sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment, or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is purely a question of state law. Chapman v. United States, 500 U.S. 453, 465 (1991); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir.1984).

Finally, claims of ineffective assistance of counsel for failure to raise the above claims must fail since counsel cannot be found ineffective for failing to raise meritless claims. Diggs v. Owens, 833 F.2d 439, 446 (3d Cir.1987).

### B. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Malarik has not made such a showing, a certificate of appealability should be denied .

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this report and recommendation shall be filed on or before March 2, 2009. Failure to timely file objections may constitute a waiver of any appellate rights.

        s/Cathy Bissoon
        Cathy Bissoon
        United States Magistrate Judge

Dated: February 11 2009

cc:
JAMES M. MALARIK
130218
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100